BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
KULBERG FINANCES, INC.
355 Lexington Avenue
New York, New York 10017
212-983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------X

KULBERG FINANCES, INC.,

               Plaintiff,

08 Civ.

-against-

**VERIFIED COMPLAINT**

SIGNAL S.A. and KOREA DAEHUNG
TRANSPORTATION AND TRADING CO.,

               Defendants.

------------------------------------------------------------X

Plaintiff, KULBERG FINANCES, INC. ("Plaintiff"), by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendants SIGNAL S.A. ("Signal") and KOREA DAEHUNG TRANSPORTATION AND TRADING CO. ("Daehung") (collectively "Defendants"), alleges upon information and belief as follows:

1.      This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

2.      At all material times, Plaintiff was and now is a foreign corporation existing under and by virtue of the laws of Delaware, with an office and place of business at 15 East North Street, Dover, County of Kent, Delaware.

3.      Upon information and belief, at all material times, Signal was and still is a foreign corporation organized and existing under and by virtue of the laws of the Bulgaria, with an office

and place of business at 21 Office, 57 Vladislav Varnenchik Boulevard. 9000, Varna, Bulgaria.

4.      Upon information and belief, at all material times, Daehung was and still is a foreign corporation organized and existing under and by virtue of the laws of North Korea, with an office and place of business at Pyongchon District, Pyongyang City, Democratic People's Republic of Korea.

5.      At all material times, Daehung was the registered owner and Signal was the disponent owner of the M/V BEST LINE ("Vessel").

6.      On or about January 26, 2007, Signal, as disponent owner, and Plaintiff, as charterer, entered into a General Charter Agreement ("Agreement") whereby Signal agreed to let, and Plaintiff agreed to hire, the Vessel for a voyage for the transport of wheat bran pellets, under certain terms and conditions, from Mariupol, Ukraine to Misurata, Libya.

7.      Pursuant to the Agreement, Bills of Lading nos. 1 and 2 were signed and issued by the master of the Vessel on February 7, 2007.

8.      The Vessel was loaded in Mariupol and sailed on February 10, 2007.  Upon reaching Bosporus, Turkey, on or about February 12, 2007 the Vessel was arrested and detained with Plaintiff's cargo on board.  The arrest was made to secure an alleged claim by a third party, Worldwide Fuel Services Corporation ("Worldwide"), against the Vessel's owner Daehung for money owed for bunker fuel supplied in 2004 by Worldwide to two other vessels owned by Daehung.

9.      The Vessel remains under seizure in Turkey, resulting in the spoilage and total loss of Plaintiff's cargo due to no fault of the Plaintiff.

10.     Defendants breached the Agreement by failing to provide a seaworthy vessel, insofar as the outstanding bunkering charges owed by Daehung rendered the Vessel susceptible

to arrest.  The Defendants are liable because the loss, damage, or delay resulted from the "personal act or default of the Owners or their manager." Because of this breach, Defendants are liable to Plaintiff for the full amount of damages suffered by Plaintiffs.

11.    Under the terms of the Agreement, all disputes between the parties are to be decided by arbitration in London, pursuant to English law.  Plaintiff is currently taking steps to commence arbitration proceedings in London.

12.  This action is in aid of said London arbitration proceedings in accordance with 9 U.S.C. § 8.  Plaintiff seeks to obtain adequate security to satisfy a potential London arbitration award in Plaintiff's favor.

13.  In addition to recovering the principal amount due Plaintiff, Plaintiff also fully anticipates recovering interest, costs, and attorneys' fees, which are routinely awarded to the prevailing party in London arbitration proceedings.  As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration:

| | | |
|---|---|---|
| a. | On the principal claim | $1,000.076.12 |
| b. | 3 years of interest at 6% per annum, compounded quarterly | $191,030.50 |
| c. | Costs (arbitrators' fees, attorneys' fees etc.) | $300,000.00 |
| | TOTAL | $1,491,106.62 |

14.  Upon information and belief, Defendants cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but are believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts, and other property, in the hands of garnishees in the District including, but not limited to, American Express Bank, Ltd.; ABN-AMRO Bank;

Mashreq Bank; Standard Chartered PLC; Bank of America; BNP Paribas New York; Deutsche Bank; HSBC; Bank of New York; J.P. Morgan Chase; Citibank, Bank of China; Wachovia Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; and UBS AG, which are believed to be due and owing to the Defendants.

Plaintiff prays:

A.  That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.  That because the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts, and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Mashreq Bank; Standard Chartered PLC; Bank of America; BNP Paribas New York; Deutsche Bank; HSBC; Bank of New York; J.P. Morgan Chase; Citibank, Bank of China; Wachovia Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; and UBS AG, which are due and owing to the Defendants, in the amount of $1,491,106.62, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

C.  That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D.  That Plaintiff have such other, further and different relief as this Court may deem just

and proper.

Dated: New York, New York
       February 26, 2008

                               BROWN GAVALAS & FROMM LLP
                               Attorneys for Plaintiff
                               KULBERG FINANCES, INC..

By:                              
                               Peter Skoufalos (PS- 0105)
                               355 Lexington Avenue
                               New York, New York 10017
                               212-983-8500

## VERIFICATION

STATE OF NEW YORK )

                        : ss.:

COUNTY OF NEW YORK )

PETER SKOUFALOS, being duly sworn, deposes and says:

1.     I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2.     I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3.     The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4.     The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

PETER SKOUFALOS

Sworn to before me this
26th day of February 2008

Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 20_10_